UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAHIM HALIM, <br><br> Plaintiff, <br><br> -against- <br><br> P.O. SCOTT CARLEY and CITY OF NEW YORK, <br><br> Defendants. | **COMPLAINT** <br><br> Case No. 23-cv-3368 |

Plaintiff BRAHIM HALIM, for his complaint in this matter, alleges the following:

## NATURE OF THE ACTION

1. This is a § 1983 action for false arrest, malicious prosecution, and excessive force, and other violations of Plaintiff's constitutional rights. With no warning, Defendant Carley attacked Plaintiff, threw him to the ground, and stomped on his foot and broke it. Defendant Carley falsely arrested Plaintiff for disorderly conduct and resisting arrest without probable cause for either crime. Plaintiff had to be taken to the hospital to be treated for his broken foot.

## THE PARTIES

2. Plaintiff BRAHIM HALIM is an immigrant from Morocco. He holds a green card and resides in New York State.

3. On information and belief, Defendant SCOTT CARLEY, Shield #29078, is an officer of the New York Police Department and a citizen of New York State. He is being sued in his personal capacity.

4. Defendant CITY OF NEW YORK is a municipal corporation of New York State.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendants because all Defendants are residents of New York State and because the wrongs were committed in New York State.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## THE FACTS

8. On or about the evening of July 12, 2022, Plaintiff purchased some food items at the 7-Eleven store at 673 Eighth Avenue in Manhattan. Plaintiff gave the cashier a $20 bill to pay for the items, which collectively cost between nine and ten dollars. The cashier gave Plaintiff incomplete change.

9. Plaintiff protested to the cashier that the cashier had given him incomplete change. The cashier insisted that Plaintiff had given him only a $10 bill. Unable to resolve this dispute, Plaintiff suggested that the cashier call the police. The cashier did so.

10. When the cashier called the police, Plaintiff left the store and waited outside with his pedicab. At the time, Plaintiff was self-employed as a pedicab driver.

11. After a time, Defendant Carley and another police officer arrived on the scene.

12. When Defendant Carley arrived, Plaintiff explained the situation to Defendant Carley.

13. Plaintiff speaks with an Arabic accent.

14. After speaking with Plaintiff for a short time, Defendant Carley entered the store. A short time later, Defendant Carley came out of the store and told Plaintiff that Plaintiff had given the cashier only a $10 bill and that Defendant Carley would not help Plaintiff any further.

15. Plaintiff protested that he had definitely given the cashier a $20 bill. Defendant Carley stated that he had looked at the store's camera footage, but Plaintiff told Defendant Carley that he did not believe him because Defendant Carley had been in the store too short a time to have looked at any camera footage.

16. Defendant Carley went back into the store and took Plaintiff's food with him. Defendant Carley soon came out with a receipt in his hand. Plaintiff protested that the receipt was not his: the receipt showed only three food items, but Plaintiff had purchased four food items. Plaintiff told Defendant Carley that he could see that there were four food items because Defendant Carley still had the food in his hands at that point.

17. As the conversation continued, Plaintiff was unhappy with Defendant Carley, but Plaintiff did not yell or scream or cause a disturbance in any way. Plaintiff only expressed his dissatisfaction with Defendant Carley for showing him the wrong receipt and refusing to admit the obvious error.

18. Without warning, out of anger at Plaintiff for what Plaintiff had said, Defendant Carley attacked Plaintiff. He threw Plaintiff down and stomped on his foot. Plaintiff could hear the crack of his bone when Defendant Carley stomped on it.

19. When Plaintiff was on the ground, Defendant Carley told him that he was under arrest.

20. Defendant Carley attacked and arrested Plaintiff because Plaintiff is Arabic and of Moroccan origin, and because Defendant Carley was angry with Plaintiff for what Plaintiff had said.

21. In severe pain, Plaintiff told Defendant Carley that he needed to go to the hospital.

22. Defendant Carley escorted Plaintiff to the hospital, where Plaintiff was treated for a broken foot. Plaintiff spent virtually the entire night at the hospital. Defendant Carley remained with Plaintiff the entire time.

23. Upon release from the hospital, Defendant Carley took Plaintiff to the police station. Defendant Carley had arrested Plaintiff for disorderly conduct and resisting arrest.

24. Upon information and belief, New York police officers have a longstanding custom of charging arrestees with resisting arrest whenever they use excessive force. This is for the purpose of covering up their unconstitutional acts. Defendant Carley added this charge pursuant to that custom.

25. Plaintiff spent approximately twelve hours at the police station being processed. Defendant Carley charged Plaintiff with disorderly conduct and resisting arrest. By completing the charging instrument, Defendant Carley commenced the prosecution of Plaintiff. Ultimately, Plaintiff was given an appearance ticket and released.

26. In accordance with the appearance ticket that he had been given, Plaintiff appeared in court on or about August 1, 2022. At that time, the court dismissed all charges against Plaintiff.

27. Plaintiff suffered severe pain as a result of Defendant Carley's unprovoked attack. He required medical treatment over the course of several weeks and returned to the hospital several times for such treatment. Plaintiff also required physical therapy.

28. Plaintiff also suffered economic losses as a result of the unprovoked attack. Before his arrest, Plaintiff drove his pedicab at least twelve hours a day and earned approximately $1500 a week. After his arrest, with his broken foot, Plaintiff managed to drive his pedicab a few days a week for a few hours to pay his rent but could not drive fully. He earned an average of only $300 a week for the next four months.

29. Plaintiff also suffered considerable emotional injury as a result of both the physical pain and losing several hours of his freedom.

30. Defendant Carley's actions were so outrageous that punitive damages are warranted in this case.

31. Through his previous attorney, Plaintiff filed a tort claim with the New York City Comptroller's Office on or about October 4, 2022.

32. Plaintiff appeared for a 50-h hearing on or about November 17, 2022.

33. Defendant New York City has failed to resolve Plaintiff's claim.

**COUNT ONE**
42 U.S.C. § 1983 – Fourth Amendment – Excessive Force
(against Defendant Carley)

34. Plaintiff realleges Paragraphs 1 through 33 as if fully set forth herein.

35. Under color of state law, in the course of arresting Plaintiff, Defendant Carley used force well beyond that which was necessary. Defendant Carley threw Plaintiff down and stomped on his foot. In doing so, Defendant Carley broke Plaintiff's foot.

36. Defendant Carley did not warn Plaintiff before attacking him that Plaintiff was under arrest.

37. Defendant Carley would not have needed to use any force whatsoever to arrest Plaintiff. Defendant Carley's use of force was malicious.

38. Plaintiff posed no immediate threat to anyone.

39. By using force that was unnecessary and disproportionate under color of state law, Defendant Carley violated Plaintiff's Fourth Amendment right to be free from illegal seizure. Defendant Carley used an objectively unreasonable amount of force in the course of arresting Plaintiff.

40. As a result of this disproportionate and excessive force, Plaintiff suffered a broken foot, which resulted in severe pain and required medical treatment over the course of several weeks.

**COUNT TWO**
42 U.S.C. § 1983 – Fourteenth Amendment – Excessive Force
(against Defendant Carley)

41. Plaintiff realleges Paragraphs 1 through 40 as if fully set forth herein.

42. Defendant Carley used unnecessary and excessive force against Plaintiff when Defendant Carley attacked Plaintiff without provocation. Defendant Carley threw Plaintiff down and stomped on his foot, breaking Plaintiff's foot.

43. Defendant Carley's use of force was malicious.

44. By using unnecessary and unreasonable force against a free person and by doing so under color of state law, Defendant Carley violated Plaintiff's Fourteenth Amendment right to Due Process.

**COUNT THREE**
42 U.S.C. § 1983 – Fourth Amendment – False Arrest
(against Defendant Carley)

45. Plaintiff realleges Paragraphs 1 through 44 as if fully set forth herein.

46. Under color of state law, Defendant Carley arrested Plaintiff for disorderly conduct and resisting arrest.

47.     Plaintiff had not been loud or unruly.  He had no intention of creating a public disturbance, nor did his actions in any way threaten to cause a public disturbance.

48.     Defendant Carley had no probable cause to believe that anything Plaintiff had said or done carried any risk of creating a public disturbance.

49.     Plaintiff did not resist arrest in any way.  Defendant Carley had no probable cause to believe that Plaintiff was resisting arrest in any way.

50.     Defendant Carley's arrest of Plaintiff was unauthorized and unlawful.

51.     By arresting Plaintiff under color of state law, Defendant Carley confined Plaintiff for approximately twelve hours and took him to the police station.

52.     Plaintiff was aware of the confinement.  He spent approximately twelve hours at the police station.

53.     Plaintiff did not consent to the confinement.  He did not consent to going to the police station with Defendant Carley.

54.     As a result of being unlawfully arrested, Plaintiff lost several hours of his freedom and suffered considerable emotional damage.

**COUNT FOUR**
42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution
(against Defendant Carley)

55.     Plaintiff realleges Paragraphs 1 through 54 as if fully set forth herein.

56.     Under color of state law, Defendant Carley completed a misdemeanor complaint against Plaintiff charging him with disorderly conduct and resisting arrest.  By completing and signing this document, Defendant Carley initiated a criminal prosecution against Plaintiff.

57.     Defendant Carley had no probable cause to initiate criminal proceedings against Plaintiff.  Defendant initiated the criminal proceedings maliciously.

58. All charges against Plaintiff were dismissed on or about August 1, 2022.

59. As a result of Defendant Carley's false and malicious initiation of criminal proceedings against Plaintiff, Plaintiff lost several hours of his freedom and suffered considerable emotional distress.

**COUNT FIVE**
42 U.S.C. § 1983 – First Amendment Retaliation
(against Defendant Carley)

60. Plaintiff realleges Paragraphs 1 through 59 as if fully set forth herein.

61. When talking to Defendant Carley, Plaintiff was exercising his First Amendment right to free speech.

62. In retaliation for Plaintiff's exercising his Free Speech rights, Defendant Carley attacked Plaintiff, threw him to the ground, broke his foot, arrested him, and falsely charged him with crimes that Plaintiff had not committed. This deprived Plaintiff of his right to free speech, as guaranteed under the First Amendment.

63. As a result of Defendant Carley's illegal and unconstitutional actions, Plaintiff suffered considerable economic, physical, and emotional damages. He suffered a broken foot and felt severe pain. He lost several hours of his freedom. He lost earnings because he could not fully operate his pedicab.

**COUNT SIX**
42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection
(against Defendant Carley)

64. Plaintiff realleges Paragraphs 1 through 63 as if fully set forth herein.

65. Defendant Carley attacked Plaintiff, falsely arrested him, and falsely charged him with crimes because Plaintiff is Arabic and of Moroccan origin.

66. By treating Plaintiff differently from how he would have treated others, Defendant Carley violated Plaintiff's right to Equal Protection under the Fourteenth Amendment.

## COUNT SEVEN
42 U.S.C. § 1983 – Fourth Amendment
(against Defendant City of New York)

67. Plaintiff realleges Paragraphs 1 through 66 as if fully set forth herein.

68. Defendant New York City has a custom whereby police officers routinely charge arrestees with resisting arrest when the officers have used excessive force. The purpose of this custom is to cover up unconstitutional conduct.

69. Defendant Carley acted in accordance with this custom when he charged Plaintiff with resisting arrest.

70. Falsely charging Plaintiff with resisting arrest violated Plaintiff's Fourth Amendment rights.

71. As a result of Defendant Carley's false initiation of criminal proceedings against Plaintiff, Plaintiff lost several hours of his freedom and suffered considerable emotional distress.

## COUNT EIGHT
Assault and Battery
(against both Defendants)

72. Plaintiff realleges Paragraphs 1 through 71 as if fully set forth herein.

73. Without warning or provocation, Defendant Carley attacked Plaintiff, threw him down, and stomped on his foot, thereby breaking it.

74. Defendant Carley's touching of Plaintiff's person was offensive.

75. Plaintiff did not consent to being thrown down or stomped on. Plaintiff did not consent to being touched by Defendant Carley in any way.

76. At all relevant times, Defendant Carley was acting within the scope of his employment as a New York City Police Officer.

77. By virtue of *respondeat superior*, Defendant New York City is liable for Defendant Carley's tort of battery against Plaintiff.

**COUNT NINE**
False Arrest
(against both Defendants)

78. Plaintiff realleges Paragraphs 1 through 77 as if fully set forth herein.

79. While acting within the scope of his employment as a New York City Police Officer, Defendant Carley arrested Plaintiff for disorderly conduct and resisting arrest.

80. Plaintiff had not been loud or unruly. He had no intention of creating a public disturbance, nor did his actions in any way threaten to cause a public disturbance.

81. Defendant Carley had no probable cause to believe that anything Plaintiff had said or done carried any risk of creating a public disturbance.

82. Plaintiff did not resist arrest in any way. Defendant Carley had no probable cause to believe that Plaintiff was resisting arrest in any way.

83. Defendant Carley's arrest of Plaintiff was unauthorized and unlawful.

84. By arresting Plaintiff, Defendant Carley confined Plaintiff for approximately twelve hours and took him to the police station.

85. Plaintiff was aware of the confinement. He spent approximately twelve hours at the police station.

86. Plaintiff did not consent to the confinement. He did not consent to going to the police station with Defendant Carley.

87. As a result of being unlawfully arrested, Plaintiff lost several hours of his freedom and suffered considerable emotional damage.

88. At all times, Defendant Carley was acting within the scope of his employment as a New York City Police Officer.  By virtue of *respondeat superior*, Defendant New York City is equally liable for Defendant Carley's false arrest of Plaintiff.

**COUNT TEN**
Malicious Prosecution
(against both defendants)

89. Plaintiff realleges Paragraphs 1 through 88 as if fully set forth herein.

90. Acting within the scope of his employment as a New York City Police Officer, Defendant Carley completed a charging instrument against Plaintiff charging him with disorderly conduct and resisting arrest.  By completing and signing this document, Defendant Carley initiated a criminal prosecution against Plaintiff.

91. Defendant Carley had no probable cause to initiate criminal proceedings against Plaintiff.

92. All charges against Plaintiff were dismissed on or about August 1, 2022.

93. As a result of Defendant Carley's false initiation of criminal proceedings against Plaintiff, Plaintiff lost several hours of his freedom and suffered considerable emotional distress.

94. Because Defendant Carley was acting within the scope of his employment as a New York City Police Officer, Defendant New York City is liable pursuant to *respondeat superior*.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court grant the following relief:

A. Award compensatory damages in an amount to be determined at trial, but certainly no less than $20,000, for Plaintiff's economic damages;

B. Award compensatory damages in an amount to be determined at trial for Plaintiff's physical and emotional damages;

C. Award punitive damages because Defendants' conduct is so outrageous that punitive damages are warranted;

D. Award reasonable attorneys' fees, together with the cost of this action;

E. Grant such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury in this action.

Dated: April 21, 2023
New York, New York

Respectfully submitted,

/s/ Joshua Pepper
Joshua Pepper
30 Wall Street, 8th floor
New York, New York 10005
212-804-5768
jpepper@jpepperesq.com